UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| SARA HAWES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MACY'S WEST STORES, INC., <br><br> Defendant. | Civil Action: 1:17-CV-00754 <br><br> Judge Douglas R. Cole |
| CHIARALUCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MACY'S INC., *et al.*, <br><br> Defendants. | Civil Action: 2:20-CV-00081 <br><br> Judge Douglas R. Cole |

**PLAINTIFFS' NOTICE OF RENEWED MOTION AND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF THE AMENDED SETTLEMENT**

Plaintiffs Sara Hawes, Cassandra Chiaraluce, and Jonathan Fontaine ("Named Plaintiffs"), by and through Class Counsel, hereby submit this notice of Renewed Motion and Supplemental Memorandum of Law in Support of Final Approval of the Amended Settlement Agreement ("Settlement").

The number of claims submitted by class members since October 20, 2023 has increased substantially. If the existing claims are paid pursuant to even the original plan of distribution, the fund will be exhausted. *See generally* Supplemental Declaration of Michael McShane in Support of Plaintiffs' Renewed Motion and Supplemental Memorandum of Law in Support of Final Approval of the Amended Settlement ("McShane Dec.") As of the filing of the instant Renewed Motion for Final Approval of the Amended Settlement Agreement, 1,573,256 claims have been

1

submitted by class numbers. McShane Decl. at ¶ 4. This is a nearly three-fold increase from the 608,346 claims received at the time of the October 20, 2023 final approval hearing. McShane Decl. at ¶ 2 (Dkt. No. 169).

The Court previously recognized the effectiveness of the notice plan during the final approval hearing and stated in pertinent part: "The notice plan has already proven remarkedly successful at generating claim submissions." (Dkt. No. 169 at p. 8). Angeion, the Court appointed claims administrator, will continue to monitor the notice program, claims activity, and employ additional notice tools throughout the claims period to reach and notify class members about the Settlement. Angeion anticipates that an elevated rate of claim form submissions will continue throughout the duration of the six-month claims period. (Dkt. No. 143, Weisbrot Decl.).

On December 20, 2023, the Court issued an Order and Opinion denying Plaintiffs' motion for final approval and rejecting the Settlement "due to a concern about one aspect of the Settlement--the proposed *cy pres* distribution." (Dkt. No. 169, pp. 1-2) ("Order and Opinion"). The Court explained that "The bottom line is that the *cy pres* award included in the Settlement Agreement diverts class funds to an unrelated third party, whose use of the funds will not benefit the class's interests here, directly or indirectly. Thus, the Court concludes it must reject the settlement." *Id*. at p. 41. The Court's concerns about the proposed Settlement Agreement were limited to this single issue.

The Plaintiffs can now report to the Court that the Parties have agreed to amend and modify paragraph 6.4 of Settlement Agreement so as to remove the use of *cy pres*. *See* Amendment to Class Action Settlement Agreement (McShane Decl. at Exhibit B). The large number of claims received to date has already exhausted the fund even though the claims period has not yet commenced. *See* McShane Decl. at ¶ 3-4. This has rendered the issue of whether or not to consider

2

a *cy pres* recipient a moot point. In addition, and even though the present number of claims will exhaust the settlement fund, the Parties agreed to amend and modify paragraphs 6.1.3 and 6.3 of the Settlement to lift the cap on the amount of money a Class Member can receive under the settlement, and instead add a potential additional distribution to all class members on a pro rata basis. This will ensure that all funds are distributed to the Class Members and benefits will be provided as follows:

The original Settlement Agreement created three categories of claimants who can collect under the settlement:

- Class members whose purchases Macy's can verify through its own records [Category 1]

- Class members who provide proof of purchase through a receipt [Category 2]

- Class members who attest under penalty of perjury that they purchased CVC sheets [Category 3]

Settlement Agreement, section 6.1; Dkt. No. 143-2 at p. 9. Under the original Settlement Agreement, Category 1 and Category 2 class members would receive $7.50 per sheet set, and Category 3 class members would receive $2.50 per household. Then, if excess funds were available, Category 1 and Category 2 class members could participate in a second distribution in which they could receive up to 50% (equating to an average $17.97 per purchase) of the amount of their sheet purchase. Settlement Agreement, section 6.3; Dkt. No. 143-2 at p. 10. Category 3 class members were not eligible to participate in the second distribution.

The amendment adds a potential third distribution such that if there are funds remaining after the second distribution, all of the remaining funds will be distributed to the class [all members] on a pro rata basis. Amended Settlement Agreement, section 6.4.

3

Importantly, the amendments to the Settlement Agreement do not change or alter the payment formula used to determine Class Members' settlement benefits, which the Court determined was fair, reasonable and adequate. (Dkt. No. 169 at pp. 24-26). Rather, it allows for the possibility of an increase in the amount of money or settlement benefits a claiming Class Member can receive because the per claim cap on the amount available to each class member has been removed. The amendments will not under any circumstance result in the possibility of any class member receiving less money than they would have received prior to the amendment. McShane Decl. at ¶ 5.

The removal of a *cy pres* recipient directly alleviates the Court's concerns about the Settlement as stated in its Order and Opinion. The removal of a *cy pres* recipient will not negatively affect or impact any absent Class Members' rights in any manner. Thus, the Settlement remains fair, reasonable and adequate and cures the Court's "only" concern about the Settlement by removing the *cy pres* component. (Dkt. No. 169). Accordingly, Plaintiffs respectfully request that their Renewed Motion for Final Approval of the Settlement be granted.

Plaintiffs incorporate here the briefing, facts, law, and argument previously provided to the Court in their Motion for Preliminary Approval of Class Action Settlement; Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award of Class Representative Service Awards; Defendants' Motion for Final Approval of Class Action Settlement; and made during the final approval hearing which took place on October 20, 2023. (Dkt. Nos.: 143, 147, and 153).

I. **RELEVANT PROCEDURAL BACKGROUND**

On March 24, 2023, the Plaintiffs filed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Dkt. No. 143).

4

On May 1, 2023, the Court entered its Order Preliminarily Approving Class Action Settlement, appointed Angeion as notice provider, and directed that the notice plan be implemented. (Dkt. No. 144). On August 4, 2023, the Plaintiffs filed Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award of Class Representative Service Awards. (Dkt. No. 147). Although the Court did not rule on this latter motion and that motion remains before the Court, the Plaintiffs incorporate herein the relevant briefing, and the oral argument presented at the October 20, 2023, Fairness Hearing and renew this motion.

On September 27, 2023, Plaintiffs and Defendants both filed motions for Final Approval of Class Action Settlement. (Dkt. Nos.: 153, 155).

On October 20, 2023, the Court held a Fairness Hearing.

On December 20, 2023, the Court entered an Order and Opinion and certified Plaintiffs' Motion for a Nationwide Class, denied Plaintiffs' Motion for Final Approval and denied Plaintiffs' Motion for attorneys' fees, incentive awards and expenses as moot. (Dkt. No. 169).

## II.  DISCUSSION

### A.  The Significant Number of Claims Received Have Already Exhausted the Fund and Eliminated the Need for a *Cy Pres* Recipient.

The Settlement fund amount is $10,500,000. (Dkt. No. 153-1). As noted in the Parties' briefing, submissions and colloquy with the Court at the final approval hearing, the notice and other administrative expenses, incentive payments, attorneys' fees and expenses will be paid out of the Settlement Fund. After reducing the fund by these amounts, there will remain in the fund, approximately $5,531,741.59 to distribute to eligible claimants. *See* McShane Decl. at ¶ 3; Dkt. No. 143-1; hearing transcript pp 44-47.

The current number of claims received thus far is 1,573,256. McShane Decl. at ¶ 2. The number of verified claims is 117,153. *Id*.

5

The total value of the claims is calculated as follows. There are 1,573,256 claims of which 117,153 are verified. *Id*. at ¶ 4. This leaves unverified claims totaling 1,456,103, which if paid at a rate of $2.50 per claim pursuant to the settlement agreement will total $3,640,257.50 in value. *Id*. The maximum value of the verified claims is 50% of the average cost per purchase or $17.97. *Id*. Multiplying $17.97 by 117,153 equals $2,105,239.41. *Id*. When the total value of the unverified claims is added to verified claims, the total claims value is $5,745,496.91; which exceeds the fund balance of $5,531,741.59 by a total of $213,755.32. *Id*.

The value of the claims received to date will exhaust the settlement fund thereby allowing for the elimination of *cy pres* all together. Any funds returned to the fund (i.e., settlement checks mailed to claims members that are returned undelivered or uncashed) will be escheated to the associated state(s) of the class members as unclaimed property. *See In re Motorsports Merch. Antitrust Litig.*, 160 F. Supp. 2d 1392, 1393–94 (N.D. Ga. 2001) citing 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §§ 10.13 to 10.25 (3d ed.1992) ("In general, the courts have considered four options when faced with unclaimed settlement funds: *cy pres* distributions; *pro rata* distribution to class members; escheat the funds to a governmental body; and reversion to defendant.")

      **B.**    **Removal of the *Cy Pres* Recipient Does Not Negatively Affect or Limit any Class Member's Rights Under the Settlement. Nor Does the Removal Affect the Fairness, Reasonableness, or Adequacy of the Settlement or Necessitate Additional Notice.**

The removal of the *cy pres* from the Settlement does not diminish the cash benefits eligible Class Members are to receive whatsoever (it does increase the amount claimants may receive). *See Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 964 (3d Cir. 1983) ("The court's principal obligation is simply to ensure that the fund distribution is fair and reasonable to all participants in

6

the fund. The proposed settlement in the instant case divides the settlement fund in the ratio of current to former employees, and no suggestion has been advanced that any other method of division would be fairer to either group."). Rather, the elimination of the *cy pres* distribution and replacement with a pro rata distribution may result in class members receiving additional money or settlement benefits than they would have otherwise received under the original settlement. It is an improvement or enhancement to the Settlement.

The removal of the *cy pres* here does not negatively affect or limit any Class Member's rights under the Settlement. Nor does the removal affect the fairness, reasonableness, or adequacy of the Settlement. *See Rikos v. Procter & Gamble Co.,* No. 1:11-CV-226, 2022 WL 715972, at *2 (S.D. Ohio Mar. 10, 2022) (finding that the "'additions,'" concerning the settlement administrator's efforts to issue new checks; and provide funds to a *cy pres* recipient, did not "'materially alter' the Approved Settlement"); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 918 n.17 (N.D. Ohio 2003) (finding amendments acceptable where they did not alter that "the Court's fairness analysis"); *Swetz v. GSK Consumer Health, Inc.*, No. 7:20-CV-04731-NSR, 2021 WL 5449932, at *7 (S.D.N.Y. Nov. 22, 2021) ("Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement … that do not limit the rights of Settlement Class Members under the Settlement Agreement."); *Art Shy v. Navistar Int'l Corp.*, No. 3:92-CV-0333, 2021 WL 1399277, at *3 (S.D. Ohio Apr. 14, 2021) (finding modification of Settlement acceptable so long as no class member's rights are "legally harmed"); *Id*. citing *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015) (Rule 23(e)) ("notice or hearing not required for modifying the administration of cy pres funds"). Here, none of the class members' rights have been "legally

harmed" or diminished. To the contrary, their rights have been improved with the opportunity of receiving additional money or benefits through a third pro rata distribution.

Moreover, courts have held that where amendments to a proposed settlement expand or improve rights for the class, new notice is not required. *See, e.g., In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1111 (10th Cir. 2001) ("In this case, the addition of opt-out rights merely expanded the rights of class members … Accordingly, we hold the district court did not abuse its discretion by failing to notify class members of their opt-out rights prior to conducting a fairness hearing of the settlement's terms."); *Manners v. American General Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22880, 1999 WL 33581944, at *13 (M.D.Tenn. Aug. 11, 1999) ("Because these amendments enhance the relief provided to Class Members, the Court finds that additional notice was not and is not necessary."). *Cf. Jones v. Dominion Transmission*, No. 2:06-cv-00671, 2009 U.S. Dist. LEXIS 150039, *14-15 (S.D. W.Va. Jan. 30, 2009) (two amendments to class action settlement "did not change the value of the settlement but only clarified the release provisions and the method of calculating the settlement proceeds distributed to Flat Rate Subclass Members," and thus a second round of notice under CAFA to state and federal officials was not required). Similarly, "[w]here amendments are 'either minor and technical in nature' or 'do[] not materially alter the Settlement Agreement, and do[] not change the Court's fairness analysis,' courts often summarily approve an amendment without clearing the procedural hurdles of Rule 23(e)," i.e. without requiring additional notice. *Rikos v. P&G Co.*, No. 1:11-cv-226, 2022 U.S. Dist. LEXIS 42379, *4-5, 2022 WL 715972 (S.D. Ohio March 10, 2022) (quoting *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 918 n.17 (N.D. Ohio 2003)).

### III. CONCLUSION

With the elimination of the *cy pres* provision in the Amended Settlement Agreement, which cures the Court's only concern about the Proposed Settlement Agreement, Plaintiffs respectfully request that the Court grant the renewed motions and enter the proposed Order and Final Judgment filed herewith. Defendants do not oppose the motion.

Dated: March 12, 2024

/s/ *Michael McShane*
Michael McShane
AUDET & PARTNERS, LLP
711 Van Ness Avenue Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
mmcshane@audetlaw.com

Charles LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
Facsimile: (202) 789-1813
charlesl@cuneolaw.com
brendant@cuneolaw.com

Charles Schaffer
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Drew Legando
MERRIMAN LEGANDO
WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
drew@merrimanlegal.com

Stuart L. Cochran
CONDON TOBIN
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3804
Facsimile: (214) 265-3800

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: (855) 505-5342
erica@mirabellallc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF.

*/s/ Michael McShane*
Michael McShane
